# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Rosario Alberto Verduzco-Robles,

            Petitioner,

v.

Charles L. Ryan, et al.,

            Respondents.

No. CV-15-00897-PHX-DGC (BSB)

**REPORT AND RECOMMENDATION**

       Petitioner Rosario Alberto Verduzco-Robles has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Respondents have filed an answer arguing that federal habeas corpus review of Petitioner's claims is procedurally barred.  (Doc. 8.)  Petitioner filed a reply in support of his Petition.  (Doc. 14.)  Because the reply suggested that Petitioner had not received Respondents' answer, the Court directed Respondents to mail Petitioner a copy of their answer and allowed Petitioner to file a supplemental reply.  (Doc. 15.)  The record reflects that Respondents mailed a copy of their answer to Petitioner on November 6, 2015.  (Doc. 16.)  Petitioner notified the Court that he did not have a "further supplement" to present.  (Doc. 17.)  As discussed below, the Court recommends that the Petition be denied.

## I.    Factual and Procedural Background

### A.    Charges, Trial, and Sentencing

       On January 25, 2010, Petitioner was indicted in the Maricopa County Superior Court on one count of aggravated assault, a class two dangerous felony (Count One), one

count of leaving the scene of a serious injury accident, a class two felony (Count Two), and four counts of endangerment, class six felonies (Counts Three, Four, Five, and Six). (Doc. 8, Ex. A.)  On October 14, 2010, a jury found Petitioner guilty of all counts, and found several aggravating factors.  (Doc. 8, Exs. B, C, UUU at 3-8, 16-19.)

On November 17, 2010, the trial court sentenced Petitioner to a slightly mitigated term of nine years' imprisonment on Count One, a slightly mitigated term of four years' imprisonment on Count Two, and a slightly mitigated terms of two years' imprisonment for counts Three, Four, Five, and Six.  (Doc. 8, Ex. G at 3-4.)  The court ordered the sentences on Counts One, Three, Four, Five, and Six to run concurrently with each other, but consecutively to the sentence imposed for Count Two.  (Doc. 8, Ex. G at 3-4, Ex. VVV at 9-11.)  The trial court advised Petitioner of his rights of review after conviction.  (Doc. 8, Ex. VVV at 11.)  Petitioner also received and signed a notice of rights of review after conviction.  (Doc. 8, Ex. H.)

**B.**     **Direct Review**

On December 2, 2010, Petitioner filed a timely notice of appeal.  (Doc. 8, Ex. I.) On August 2, 2011, Petitioner filed an opening brief asserting that he received insufficient credit for presentence incarceration.  (Doc. 8, Ex. J.)  On January 24, 2012, the appellate court found that Petitioner had received twice the presentence incarceration credit to which he was entitled and affirmed Petitioner's convictions and sentences. (Doc. 8, Ex. M.)

Petitioner sought review in the Arizona Supreme Court.  Petitioner's counsel received an extension of time for Petitioner to file a pro per petition for review.  (Doc. 8, Exs. N, O, P.)  However, because Petitioner did not file a petition for review, the Arizona Supreme Court dismissed the matter.  (Doc. 8, Ex. Q.)  The court of appeals issued its mandate on April 13, 2012.  (Doc. 8, Ex. R.)

**C.**     **Post-Conviction Review**

On September 29, 2011, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  (Doc. 8,

Ex. S.)  On October 4, 2011, the trial court appointed counsel.  (Doc. 8, Ex. T.)  On October 18, 2011, counsel moved to stay the post-conviction proceeding pending completion of the direct appeal.  (Doc. 8, Ex. U.)  Instead, on October 28, 2011, the trial court dismissed the post-conviction proceeding without prejudice to re-filing a notice of post-conviction relief.  (Doc. 8, Ex. V.)

On December 15, 2011, Petitioner filed a second notice of post-conviction relief.  (Doc. 8, Ex. W.)  On December 23, 2011, the trial court appointed counsel.  (Doc. 8, Ex. X.)  On counsel's motion, on March 12, 2012, the trial court granted an extension of time to file a petition for post-conviction relief.  (Doc. 8, Exs. Y, Z.)  On March 30, 2012, Petitioner filed a third pro per notice of post-conviction relief.  (Doc. 8, Ex. AA.)  On May 8, 2012, the trial court noted its receipt of the third pro per notice of post-conviction relief, but stated that it would not take any action on that notice because there was a pending post-conviction proceeding and Petitioner was represented by counsel in that proceeding.  (Doc. 8, Ex. BB.)

On May 14, 2012, post-conviction counsel filed a notice of completion of review stating that he had been unable to obtain Petitioner's file, and therefore, he left the matter "in the hands of the court in regards to how to proceed . . . ."  (Doc. 8, Ex. CC at 1-2.)  On May 24, 2012, the trial court ordered counsel to "review the Court's file to determine if there are any colorable claims for post-conviction relief to file on behalf of the defendant."  (Doc. 8, Ex. DD at 1-2.)  The court noted that "[o]nly then [could] the Court accept the notice of completion."  (*Id.* at 2.)  On July 26, 2012, post-conviction counsel filed a second notice of completion, stating that he had complied with the May 24, 2012, order and "was unable to find a meritorious issue, including a claim of ineffective assistance of counsel, to justify the filing of a petition in this matter."  (Doc. 8, Ex. EE at 1.)  On August 14, 2012, the trial court acknowledged counsel's completion of review, and granted Petitioner forty-five days to file a pro per petition for post-conviction relief.  (Doc. 8, Ex. FF at 1.)

On September 17, 2012, Petitioner sent letters to the trial court stating that he could not file a petition because he had not received his file.  (Doc. 8, Exs. GG, HH.)  However, on October 4, 2012, Petitioner filed a petition for post-conviction relief on a court-approved form on which he checked several boxes corresponding to grounds for relief, but he did not include any arguments or exhibits.  (Doc. 8, Ex. II.)  That same day, the trial court ordered post-conviction counsel to produce the file and granted Petitioner an extension of time to file a petition.  (Doc. 8, Ex. JJ.)  On October 10, 2012, however, the trial court ordered the State to respond to the petition that Petitioner filed on October 4, 2012.  (Doc. 8, Ex. KK.)  The State responded on November 19, 2012, and on November 27, 2012, the trial court permitted Petitioner to file a reply.  (Doc. 8, Exs. LL, MM.)

On December 3, 2012, Petitioner filed a letter with the trial court asserting that he did not have any transcripts and, therefore, he could not adequately address his claims.  (Doc. 8, Ex. NN.)  On December 19, 2012, the trial court again order counsel to produce the defense file.  (Doc. 8, Ex. OO.)  On February 21, 2013, Petitioner filed a pro per petition for post-conviction relief in which he argued that trial counsel was ineffective for "fail[ing] to obtain material pertaining to Petitioner's case," "omit[ing] facts to present to the jury" and "omit[ing]. . . statutes bearing upon the imposed convictions and sentences." (Doc. 8, Ex. PP at 15.)  On March 4, 2013, the trial court ordered the State to respond, but that same day the court assigned the matter for a ruling.  (Doc. 8, Ex. QQ.)  On March 27, 2013, the trial court dismissed Petitioner's second post-conviction proceeding.  (Doc. 8, Ex. RR.)

However, on March 29, 2013, the trial court, cited previous defense counsel's "derelict . . . service to clients on a number of cases," and stated it had no "faith in any notice of completion that may have been filed by [counsel]" because it could "not determine whether there was a quality review conducted."  (Doc. 8, Ex. SS at 2.)  That same day, the trial court held a telephonic conference with the State and defense counsel.  (*Id.*)  Defense counsel advised the court that he did not have any files and that any files

he may have had in his possession were destroyed in a flood in his basement in December 2012.  (*Id*. at 2-3.)  That same day, the trial court referred defense counsel to the Arizona State Bar for possible further action.  (Doc. 8, Ex. TT.)

On April 10, 2013, the trial court appointed Tyrone Mitchell as Petitioner's post-conviction counsel.  (Doc. 8, Ex. UU.)  Mitchell obtained an extension of time to file a petition for post-conviction relief.  (Doc. 8, Exs. VV, WW.)  In the interim, Petitioner wrote letters to the trial court regarding the status of the post-conviction proceeding, and the trial court issued minute entries acknowledging receipt of the letters, but refusing to accept pro se filings because Petitioner was represented by counsel.  (Doc. 8, Ex. XX.)  On July 12, 2013, Mitchell filed a notice informing the trial court that after "having corresponded with Petitioner, reviewed the court file, including the clerk's records and transcripts from the trial and sentencing hearings, and the trial and appellate attorney's file," he was "unable to raise any viable issues under Rule 32, Arizona Rules of Criminal Procedure." (Doc. 8, Ex. YY at 1.)  Mitchell stated that he would not file a petition for post-conviction relief.  (*Id.*)  On July 23, 2013, the trial court granted Petitioner an extension of time to file a pro per petition.  (Doc. 8, Ex. ZZ.)

Petitioner subsequently filed a letter in the trial court explaining that he filed a petition on February 21, 2013.  (Doc. 8, Ex. AAA.)  On August 6, 2013, the trial court issued a minute entry clarifying its order and setting forth the procedural history of the case:

> The procedural history of this case is noteworthy.  Defendant was sentenced and pursued a direct appeal.  The Court of Appeals affirmed the convictions and sentences upon the issuance of its Mandate on April 13, 2012.  The defendant timely initiated a Rule 32 proceeding.  Counsel was appointed by the Court.
>
> On July 26, 2012, appointed counsel filed a Notice of Completion avowing that no colorable claims were found.  Defendant was given the opportunity to file a pro per petition, which he did on October 4, 2012.  The State filed a response on November 19, 2012.  Defendant filed another pro per petition for post-conviction relief on February 21, 2013.  The case was assigned for ruling on March 7, 2013, and the Rule 32 [proceeding was] dismissed on March 28, 2013.
>
> It is unclear as to whether the February 21, 2013 pleading was reviewed.  Subsequently, the Court found that appointed counsel in this case appeared

to have been derelict in his services to clients in a number of cases resulting in the Court's lack of faith in any notice of completion previously filed. In essence, the Court found that to protect the rights of defendant, it was appropriate to grant him a second opportunity for Rule 32 Relief.

New counsel was appointed and has since filed a notice of completion. Thus, Defendant now has the opportunity to submit a pro per petition. The petition is currently due September 6, 2013. Due to the confusion, the Court grants Defendant an extension of time.

(Doc. 8, Ex. BBB at 1-2.)

On September 9, 2013, Petitioner filed a petition for post-conviction relief raising a claim of ineffective assistance of counsel based on counsel's failure to "obtain material," and failure to discuss facts or statutes relevant to Petitioner's convictions and sentences. (Doc. 8, Ex. CCC at 8, 10, 11, 15.) He also asserted several claims based on illegally obtained evidence and the imposition of his sentences. (*Id.* at 2, 8.) The State responded on October 16, 2013. (Doc. 8, Exs. DDD, EEE.) On March 4, 2014, Petitioner filed a reply. (Doc. 8, Ex. FFF.) On July 14, 2014, the trial court dismissed the petition for failing to state a colorable claim. (Doc. 8, Ex. GGG.)

On November 18, 2014, Petitioner filed a "Motion to Request Sanctions and to Dismiss Case with Prejudice," which the trial court denied on December 26, 2014. (Doc. 8, Exs. HHH, III.) The court explained that:

The Court has reviewed the Defendant's "Motion to Request Sanctions and to Dismiss Case with Prejudice" filed November 18, 2014. The defendant requests the Court dismiss the case due to the State's failure to comply with the rules governing discovery. Rule 32 does not provide a process for obtaining discovery in post-conviction relief proceedings. In addition, the defendant does not have an active Rule 32 proceeding pending at this time.

(Exs. HHH, III, at 1.)

On December 24, 2014, Petitioner filed a petition for review from the denial of post-conviction relief. (Doc. 9, Ex. JJJ.) On January 2, 2015, the court of appeals dismissed the petition as untimely. (*Id.*) On January 26, 2015, Petitioner sought leave from the trial court to file a late petition for review. (Doc. 8, Ex. KKK.) The court stated that it took no action on the request because it should have been filed in the appellate court. (Doc. 8, Ex. LLL.)

- 6 -

1

### D.      Federal Petition for Writ of Habeas Corpus

On May 18, 2015, Petitioner filed a petition for writ of habeas corpus in this Court.  (Doc. 1.)  Petitioner raises the following grounds for relief: (1) his convictions violate the Fifth and Sixth Amendments because police failed to read him his *Miranda* rights (Ground One); (2) his Fourth Amendment rights were violated because the police obtained a blood sample illegally (Ground Two); (3) the trial court violated the Fifth, Sixth, and Fourteenth Amendments because it imposed sentences that were not authorized by statute and because insufficient evidence supported Petitioner's convictions (Ground Three); and (4) trial counsel was ineffective at trial and sentencing (Ground Four).  (Doc. 1 at 6-9.)  Respondents argue that Petitioner's claims are procedurally barred.  (Doc. 8.)  As discussed below, the Court agrees that Petitioner's claims are procedurally barred, and concludes that Petitioner has not established a basis to overcome that bar.

### II.      Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.[1]  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based.  *See Baldwin*, 541 U.S. at 33.  A "state prisoner does not 'fairly present' a claim to a state court if that court must

---

[1]   In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the

1  federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S.

2  255, 260 (1989).

3      A state procedural ruling is "independent" if the application of the bar does not

4  depend on an antecedent ruling on the merits of the federal claim.  *See Stewart v. Smith*,

5  536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985).  A state court's

6  application of the procedural bar is "adequate" if it is "strictly or regularly followed."

7  *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  If the state court occasionally

8  excuses non-compliance with a procedural rule, that does not render its procedural bar

9  inadequate.  *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).  "The independent

10  and adequate state ground doctrine ensures that the States' interest in correcting their own

11  mistakes is respected in all federal habeas cases."  *Coleman*, 501 U.S. at 732.  Although a

12  procedurally barred claim has been exhausted, as a matter of comity, the federal court

13  will decline to consider the merits of that claim.  *See id*. at 729-32.

14      However, because the doctrine of procedural default is based on comity, not

15  jurisdiction, federal courts retain the power to consider the merits of procedurally

16  defaulted claims.  *See Reed v. Ross*, 468 U.S. 1, 9 (1984).  Generally, a federal court will

17  not review the merits of a procedurally defaulted claim unless a petitioner demonstrates

18  "cause" for the failure to properly exhaust the claim in state court and "prejudice" from

19  the alleged constitutional violation, or shows that a "fundamental miscarriage of justice"

20  would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750.

21  Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless

22  claims regardless of whether the claim was properly exhausted in state court.  *See Rhines*

23  *v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court

24  to allow claims to be raised in state court if they are subject to dismissal under

25  § 2254(b)(2) as "plainly meritless").

26  ///

27  ///

28  ///

1    **III.    Petitioner's Claims are Procedurally Barred**

2        **A.    Grounds One, Two, and Three**

3        Petitioner did not raise the claims asserted in Grounds One, Two, and Three on

4    direct appeal.  (Doc. 8, Ex. J.)  Rather, he presented these claims in his petition for post-

5    conviction relief, and the trial court found them precluded under Rule 32.2 because they

6    asserted trial errors and evidentiary issues that should have been raised on direct appeal,

7    but were not.  (Doc. 8, Exs. J, GGG at 2); *see* Ariz. R. Crim. P. 32.2(a)(1), (a)(3) (stating

8    a defendant is precluded from post-conviction relief on any ground "raisable on direct

9    appeal" and any ground that was "waived . . . on appeal"); *Stewart v. Smith*, 46 P.3d

10   1067, 1070 (Ariz. 2002) (explaining that for most trial error, the "State may simply show

11   that the defendant did not raise the error at trial, on appeal, or in a previous collateral

12   proceeding" for preclusion under Rule 32.2(a)(3)) (internal quotation omitted).

13       Because the state court held that Petitioner's failure to comply with a state

14   procedural rule precluded consideration of the claims asserted in Grounds One, Two, and

15   Three, habeas corpus review of those claims in this Court is barred because Rule 32.2 is

16   an independent and adequate state ground.  *See Stewart v. Smith*, 536 U.S. 856, 860

17   (2002) (finding Rule 32.2(a)(3) determinations independent of federal law); *Ortiz v.*

18   *Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed

19   and adequate).[2]

20       **B.    Ground Four**

21       Petitioner raised the ineffective assistance of counsel claims asserted in Ground

22   Four in his petition for post-conviction relief.  (Doc. 8, Ex. CCC.)  The trial court

23   dismissed those claims because they were not colorable.  (Doc. 8, Ex. GGG.)  Petitioner

24   did not present these claims in a petition for review in the Arizona Court of Appeals.

25       Because Petitioner did not present the claims asserted in Ground Four to the

26   Arizona Court of Appeals, they are technically exhausted and procedurally barred

27   _____

28       [2]  Review of these claims is also barred because Petitioner did not present them to
the Arizona Court of Appeals.  (*See* Section III.B.)

because it would be futile for Petitioner to return to the state courts to try to exhaust his claims because a petition for review would be untimely.  *See* Ariz. R. Crim. P. 32.9(a). Additionally, a successive petition for post-conviction relief would be untimely under Rule 32.4, and his claims would be precluded from Rule 32 review because they could have been raised in Petitioner's prior post-conviction proceeding.  *See Teague*, 489 U.S. at 297-99; *see also* Ariz. R. Crim. P. 32.2(a)(3) and 32.4(a); *see also State v. Bennett*, 146 P.3d 63, 67 (2006) ("As a general rule, when [claims] are raised, or could have been raised, in a Rule 32 post-conviction proceeding, subsequent claims [] will be deemed waived and precluded.") (internal quotation omitted).

Additionally, Petitioner's claims do not implicate or satisfy any of the exceptions to the timeliness or preclusion rules in Rule 32.4(a) and Rule 32.2, including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence.  *See* Rule 32.1(d), (e), (f), (g) and (h).  Accordingly, Ground Four is technically exhausted and procedurally barred from federal habeas corpus review.  *See McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)).

**IV.   Petitioner has not Established a Basis to Overcome the Procedural Bar**

Because Petitioner's claims are procedurally defaulted, federal habeas corpus review is unavailable unless Petitioner establishes that the failure to review the claim will result in a "fundamental miscarriage of justice," or "cause and prejudice" to overcome the procedural bar.  *See Coleman*, 501 U.S. at 749.  For the reasons below, the Court finds that Petitioner has not established a basis to overcome the procedural bar.

**A.   Fundamental Miscarriage of Justice**

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a

"fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup,* 513 U.S. at 324. The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Petitioner does not argue that failure to consider his claims will result in a fundamental miscarriage of justice. (Docs. 1, 14.) Additionally, Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice. Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar.

## B. Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice." *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to

establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Liberally construing the reply, Petitioner asserts that he never received the transcript of the grand jury proceeding and argues this omission to establish cause for the procedural default of his claims.  (Doc. 14 at 6.)  Petitioner, however, does not explain why he needed the grand jury transcript to present his defaulted claims to the state court. Additionally, there is no evidence that Petitioner requested a copy of the grand jury transcript.  *See* www.courtminutes.maricopa.gov, March 8, 2010 minute entry (denying Petitioner's motion for extension of time to file a motion to remand for a new probable cause determination because the motion did not state "whether the Grand Jury transcript ha[d] been filed, whether the defense ha[d] requested a transcript, whether, after request for the transcript, it ha[d] not been made available timely.").)[3]  Accordingly, the Court concludes that the lack of the grand jury transcript does not constitute cause to overcome the procedural bar to review of Petitioner's claims.

Additionally, Petitioner's status as an inmate, lack of legal knowledge, and his limited legal resources do not establish cause to excuse the procedural bar to review of his claims.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ( "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

---

[3]  The Court takes judicial notice of the March 8, 2010 minute entry.  A fact is appropriate for judicial notice if it is "not subject to reasonable dispute because it is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined by from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Facts contained in public records are considered appropriate subjects of judicial notice.  *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006).

**V.      Conclusion**

As set forth above, federal habeas corpus review of Petitioner's claims is procedurally barred and Petitioner has not established a basis to overcome that bar. Accordingly, the Court recommends that the Petition be denied.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    Failure to file timely objections to any factual determination of the Magistrate

2 Judge may be considered a waiver of a party's right to appellate review of the findings of

3 fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

4 *See* Fed. R. Civ. P. 72.

5    Dated this 6th day of January, 2016.

6

7

8    _____

9    Bridget S. Bade
     United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28